## SMITH v. UTAH-IDAHO CENT. R. CO.

No. 3784.  Decided June 19, 1922.  Rehearing denied September 18, 1922.  (209 Pac. 235.)

1. APPEAL AND ERROR—EVIDENCE OF METHOD OF DRIVING OTHER HORSES BY OTHERS HELD IMMATERIAL, BUT NOT PREJUDICIAL. In an action for injuring a horse which was driven loose along the highway and crossed defendant's electric railroad in front of a train running at prohibited speed, plaintiff's evidence as to

how others drove their horses *held* immaterial, but not prejudicial to defendant.

2. EVIDENCE—TESTIMONY OF EYEWITNESS CONCERNING DISTANCE HORSE COULD BE SEEN IN LIGHT OF APPROACHING STREET CAR HELD COMPETENT. Testimony of an eyewitness concerning distance a horse could be seen in the light of an approaching car was competent, after witness testified that from observations he could state approximately such distance.

3. RAILROADS—INSTRUCTIONS ON CARE REQUIRED AS TO ANIMALS ON TRACK HELD PROPER. Instructions that it was the duty of railroad employees operating an electric car along highway to use ordinary care to avoid striking animals that might by the use of ordinary care be discovered on the track or in such dangerous proximity thereto that it might reasonably have been anticipated might come thereon, and that it was the motorman's duty to use the usual means to frighten the animals away, and if they were discovered by him or ought to have been discovered by the use of ordinary care in time to check the speed so as to avoid injury, it was his duty to check the speed and avoid injury if he could do so by the use of reasonable care, *held* sufficiently favorable to the railroad.[1]

4. TRIAL—REFUSAL OF REQUESTED INSTRUCTIONS NOT REVERSIBLE ERROR, WHERE INSTRUCTIONS GIVEN FAIRLY PRESENT ISSUES. Refusal of requested instructions not reversible error, where the instructions given fairly presented the issues with regard to the theories of both parties.

On Application for Rehearing.

5. RAILROADS—EVIDENCE AS TO MANNER OF DRIVING HORSES ON OTHER OCCASIONS HELD PROPERLY EXCLUDED. In an action for injuring a horse which was driven loose along the highway and crossed defendant's electric railroad in front of a train running at prohibited speed, the motorman's testimony that plaintiff stated he had driven his horses in the same manner before the accident and had never had an accident was properly excluded as inconsequential and not proving contributory negligence.

Appeal from District Court, First District, Cache County; *A. A. Law,* Judge.

---

[1] *Preece* v. *O. S. L. R. R. Co.*, 48 Utah, 551, 161 Pac. 40; *Reid* v. *San Pedro R. Co.*, 42 Utah, 431, 132 Pac. 253; *Richards* v. *O. S. L. R. R. Co.*, 41 Utah, 99, 123 Pac. 933; *Bunnell* v. *Railway Co.*, 13 Utah, 314, 44 Pac. 927.

Action by Everett Smith against the Utah Idaho Central Railroad Company. From a judgment for plaintiff, defendant appeals.

AFFIRMED.

*De Vine, Howell, Stine & Gwilliam,* of Ogden, for appellant.

*Walters & Harris,* of Logan, for respondent.

WEBER, J.

This action was brought by plaintiff to recover the value of a horse killed on defendant's electric railroad track within the corporate limits of Smithfield City, Utah. An ordinance of Smithfield provides that it shall be unlawful to run or operate any locomotive, train, or cars by steam or electricity along any of the streets of the city at a greater rate of speed than 20 miles per hour. On the part of plaintiff the evidence was, in substance: That on November 24, 1920, plaintiff was hauling sugar beets at a point southwest of Smithfield, Cache county, Utah, with a four-horse team, one of which was a gray horse of the value of $250; that the plaintiff was unable to get his load of beets unloaded at the close of working hours on that day, and unhitched his horses and got in the wagon of his employer, for whom he was hauling the beets, and drove the horses along in front of the wagon toward Smithfield; that defendant's railroad track extends along the state highway through Smithfield City, immediately to the east of the paved highway, and as the plaintiff and his employer were driving north along the paved highway defendant's passenger train, coming south at a rate of about 35 miles an hour, without checking its speed or giving any warning of its approach, ran into one of plaintiff's horses, and so injured it that it was necessary to kill the animal; that the plaintiff saw the car approaching about two blocks or 80 rods away, and immediately jumped out of the wagon and ran to take care of

his horses, but on account of the excessive speed of the train was unable to prevent the accident; that the four horses crossed the track in front of the train, but the train struck the hind leg of the last horse as it was passing over the track onto the east side of state highway, in about the center of a block, and not at a street crossing or intersection. The jury found the issues in favor of the plaintiff. Defendant appeals.

It is argued by appellant's counsel that error was committed in permitting Henry Meikle, a witness for plaintiff, to answer the following question:

"Do you know whether that method of driving horses up the highway was the common method used by farmers in that community at that time?"

How either plaintiff or other farmers drove their horses at other times was wholly immaterial and irrelevant, and could not be determinative of any issue in this case. However, the testimony was of no importance, could not possibly have misled the jury, and was not prejudicial.

Assignment No. 2 is based upon the court's sustaining a motion to strike certain testimony of one of appellant's witnesses. As no exception was taken by appellant to the court's ruling, the assignment must fail.

Another assignment of error discussed by counsel is that the court permitted the witness Henry Meikle to testify how far the horse could be seen in the light of the approaching car. It is argued that the witness had not been shown to be competent. Before stating what in his opinion was the distance the witness had testified that from his observations he was able to state approximately the distance a horse could be seen in or from the headlight of the car. He said it was getting dusk; he was an eyewitness to what transpired; saw the light and the horse. His testimony on that subject may not have been of much weight, but it was admissible for what it was worth.

A number of appellant's assignments of error attack the following instruction given to the jury:

"The jury is instructed that it was the duty of the agents of the defendant, operating its said passenger car along the highway, to

use reasonable and ordinary care to avoid injury from striking any animals that might, by the use of ordinary care, be discovered on its tracks, or in such dangerously close proximity thereto that it might reasonably have been anticipated might come thereon, in front of said car, and that it was the duty of such motorman, to use the usual and proper means to frighten the animals away from such tracks, and if such animals were discovered by him, or ought to have been discovered by him, in the use of ordinary care, in dangerous proximity to said track, in time to check the speed of the said car, so as to avoid said injury, then it was his duty to so check the speed of said car, and avoid the said injury, if he could do so by the use of reasonable care. And if you should find from a preponderance of the evidence that the defendant failed in the performance of any of these duties, and that such failure was the proximate cause of such injury, then you should find for the plaintiff."

It is contended by counsel that appellant was entitled to a more favorable instruction than that given. No attempt is made to specify in what particular the above-quoted instruction is erroneous, or what particular part of it constitutes reversible error or why. Counsel, however, do contend that the duties of railroad companies with respect to      **3** live stock at or near railroad tracks are not sufficiently stated in the instruction, and cites *Preece* v. *O. S. L. R. R. Co.*, 48 Utah, 551, 161 Pac. 40; *Reid* v. *San Pedro R. Co.*, 42 Utah, 431, 132 Pac. 253; *Richards* v. *O. S. L. R. R. Co.*, 41 Utah, 99, 123 Pac. 933, and *Bunnell* v. *Railway Co.*, 13 Utah, 314, 44 Pac. 927. Not only does the instruction complained of contain no affirmative error, but it fairly covers the subject therein treated. Taken as a whole, the instructions presented with clarity the law applicable to this case. The cases cited by appellant contain nothing inconsistent with the instruction claimed by appellant to be insufficient.

Many instructions were requested by appellant. Some were given as requested, some were given in substance, and others refused. While some of those refused might have been properly given, the refusal of those not adopted by the court cannot constitute reversible error in view of the fact that the instructions given fairly covered the case and presented with sufficient detail the theory of appellant as well as that of re-

spondent, and properly submitted to the jury the questions at issue.

The trial was fair, and the verdict is amply supported and justified by the evidence. Judgment affirmed.

CORFMAN, GIDEON, THURMAN, and FRICK, JJ., concur.

On Application for Rehearing.

WEBER, J.

Appellant has applied for a rehearing on the ground of an erroneous statement in the opinion to the effect that no exception had been taken to the trial court's sustaining a motion to strike certain testimony.

What is said in the opinion about assignment of error No. 2 is an inadvertence. Counsel had duly, and in time, taken their exception. However, we had fully considered this, as well as all other assignments, on the merits, and arrived at the conclusion that no reversible error was committed by the trial court. Assignment of error No. 2 is as follows:

"The court erred in striking from the record and excluding from the jury the following testimony of defendant's witness, Kemster, the motorman, with reference to a statement made by the plaintiff: 'A. Yes, sir; I didn't talk with him. He made the remark that he had always turned the horses loose and let them run that way, and that they had never done like that, before. He made that remark when he was standing there. He had been in the habit of letting the horses run that way. He says they never done that way before'—which testimony was stricken from the record by the court upon motion of the plaintiff."

The respondent had driven his horses at the same place and in the same manner before the accident and on other occasions and had never had an accident. What does that tend to prove? What light does it throw upon any issue in the case? The rejected testimony did not tend to prove contributory negligence on the part of respondent, and was unimportant and inconsequential as well as immaterial and irrelevant. Even if deemed relevant, the exclusion of this testimony could not, in any aspect of the is-

sues, be prejudicial to defendant, and could not possibly constitute reversible error.

The application for rehearing is denied.

CORFMAN, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.